IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>   *Plaintiff*,<br><br> v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>   *Defendant*. | No. 1:22-cv-03386 |

## ANSWER

Defendant the U.S. Department of State ("State"), through the undersigned counsel, hereby answers the numbered paragraphs of the Complaint, ECF No. 1, by Plaintiff America First Legal Foundation, in this Freedom of Information Act ("FOIA") action, as follows:

1. Paragraph 1 consists of Plaintiff's characterizations of this lawsuit to which no response is required. To the extent that a response is required Defendant admits that Plaintiff made the FOIA request at issue in this case and otherwise denies the allegations in Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Paragraph 3 consists of Plaintiff's characterizations of a news story to which no response is required. To the extent that a response is required, denied.

4. Paragraph 4 consists of Plaintiff's characterizations of a news story to which no response is required. To the extent that a response is required, denied.

5. Defendant admits that it received a FOIA request from Plaintiff dated on April 4, 2022. Defendant respectfully refers the Court to the request, with reference number F-2022-

06835, for a full and accurate statement of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the motive for Plaintiff's request.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Paragraph 7 consists of Plaintiff's characterizations of a news story to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Paragraph 8 consists of Plaintiff's characterizations of a news story to which no response is required. To the extent that a response is required, denied except to admit that the Global Engagement Center works on countering disinformation.

9. Paragraph 9 consists of Plaintiff's characterizations of a tweet to which no response is required. To the extent paragraph 9 contains Plaintiff's legal conclusions, then no response is required, and on that basis denied.

10. Defendant denies the allegations in paragraph 10.

11. Paragraph 11 consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

12. Paragraph 12 consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendant admits that it is an agency of the U.S. government within the meaning of 5 U.S.C. § 552(f), and that its headquarters is located at 2201 C Street, NW, Washington, DC 20520. However, the statement that Defendant "has possession and control of the records AFL seeks" is Plaintiff's legal conclusion, to which no response is required.

16. Defendant admits that it received a FOIA request from Plaintiff dated April 4, 2022. To the extent that the remaining allegations in this paragraph purport to characterize the contents of that FOIA request, Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

17. Defendant admits that it sent an e-mail to AFL acknowledging receipt of the FOIA request on April 6, 2022, and assigning the request reference number F-2022-06835.

18. Defendant admits paragraph 18. To the extent that the allegations in Paragraph 18 purport to characterize the contents of Defendant's email, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

19. Defendant admits that it sent an email to AFL on April 25, 2022. To the extent that the allegations in Paragraph 19 purport to characterize the contents of Defendant's email, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Defendant admits paragraph 20. To the extent that the allegations in Paragraph 20 purport to characterize the contents of Defendant's email, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Defendant admits paragraph 21. To the extent that the allegations in Paragraph 21 purport to characterize the contents of Defendant's email, Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Defendant admits that it received an email from Plaintiff dated June 10, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

23. Defendant admits that it sent an email to Plaintiff on June 15, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

24. Defendant admits that it received an email from Plaintiff dated August 2, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

25. Defendant admits that it sent an email to Plaintiff on August 9, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

26. Defendant admits that it received an email from Plaintiff dated August 31, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

27. Defendant admits that it sent an email to Plaintiff on September 1, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

28. Defendant admits that it received an email from Plaintiff dated September 1, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

29. Defendant admits that it sent an email to Plaintiff on September 8, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

30. Defendant admits that it sent an email to Plaintiff on September 8, 2022, and respectfully refers the Court to that email for a full and accurate statement of its contents.

31. Defendant admits that as of the filing of the Complaint, Defendant had not yet issued a final response to Plaintiff's FOIA request.

32. Defendant incorporates by reference its responses to Paragraphs 1 to 31 of the Complaint, to which no response is required.

33. Paragraph 33 consists of legal conclusions, to which no response is required.

34. Paragraph 34 consists of legal conclusions, to which no response is required.

35. Paragraph 35 consists of legal conclusions, to which no response is required.

36. Paragraph 36 consists of Plaintiff's legal conclusions, to which no response is required.

37. Paragraph 37 consists of legal conclusions, to which no response is required.

38. Paragraph 38 consists of legal conclusions, to which no response is required.

The remainder of Plaintiff's Complaint, including sub-paragraphs (i) through (v), contains Plaintiff's requested relief, to which no responses are required. Defendant denies that Plaintiff is entitled to the relief requested.

## Defense

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

Dated: December 14, 2022                              Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Kevin K. Bell*
Kevin K. Bell (D.C. Bar No. 90001212)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
(202) 305-8613
kevin.k.bell@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

On December 14, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    /s/ Kevin Bell
KEVIN BELL (D.C. Bar No. 90001212)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-8613
Email: kevin.k.bell@usdoj.gov