IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>             Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>             Defendant. | Civil Action No. 1:22-cv-03386-JMC |

**JOINT STATUS REPORT**

Plaintiff, America First Legal Foundation, and Defendant, the U.S. Department of State, jointly submit this status report pursuant to the Court's Scheduling Order, ECF No. 11 entered on February 14, 2023.

1.  On November 4, 2022, Plaintiff filed a Complaint seeking to compel Defendant to disclose documents requested pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. *See* ECF No. 1. The complaint lists one FOIA request, filed by the Plaintiff on April 4, 2022, with reference number F-2022-06835. *Id.* ¶ 17. On December 14, 2022, Defendant filed an Answer responding to the Complaint. ECF No. 9.

2.  The FOIA request seeks records related to the U.S. Department of State's Global Engagement Center, including its interaction with social media platforms, legacy media outlets, and fact-checking organizations about potential misinformation. *See* ECF 1-1 at 4–5.

3.  Defendant processed 500 pages of potentially responsive documents, prioritizing subparts I and J of the request as agreed with Plaintiff.

4.  Defendant produced 48 pages of responsive documents to Plaintiff for the initial production on February 28, 2023.

5. The parties conferred by telephone on March 3, 2023, and because they disagree about a recommendation for next steps in the proceedings, they each provide individual statements with their recommendations below in ¶¶ 6–13.

**Plaintiff's Statement**

6. The Plaintiff interprets the 500-page processing rate ordered by the Court to not include the hundreds of pages of news clips that the Defendant excluded pursuant to an agreement with the Plaintiff to narrow the request.

7. Subparts I and J of the Plaintiff's request initially describe specific search parameters regarding custodians and search terms (all of which consist of email domains). As originally drafted, subparts I and J did not describe any subject matter limitation that would cause a record obtained from the search results to be non-responsive.

8. After conferring with the Defendant, the Plaintiff agreed to narrow the Plaintiff's request to exclude periodic news clips. Once a record is identified as merely a periodic news clip, the Defendant may exclude it from its processing queue. If the record is not merely a periodic news clip, the FOIA processor need not make any further responsiveness determinations. The simple determination that a record is merely a periodic news clip does not impose a material burden on the FOIA processor in the same way that a review for subject matter responsiveness would impose.

9. The Defendant now takes an unusual position that the hundreds of pages of excluded news clips count as pages "processed" according to the Court's order. If the simple determination of whether a record is merely a periodic news clip counts toward the 500-page processing rate ordered by the Court, then the Plaintiff has no reason to agree to the narrowing of the request in this way; the informative value of those records, processed and released, would outweigh the zero benefits that the Plaintiff receives from agreeing to narrow the request and have those records excluded.

10. Plaintiff proposes that Defendant processes 500 pages of records per month—not counting the period news clips excluded pursuant to the narrowing agreement—and that the Parties file another joint status report on June 12, 2023, which is 90 days from March 13, 2023.

**Defendant's Statement**

11. The 500-page processing rate ordered by the Court includes Defendant's processing of all pages that were collected by the Department's search for potentially responsive records, even if, after processing (which includes a responsiveness review), some documents are determined to be non-responsive

12. Subparts I and J of Plaintiff's request seeks all emails to and from various email domains, several of which are news organizations. *See* ECF No. 1-1 at 5. Subparts I and J are not otherwise limited by keywords or other terms. Because of that, Defendant's search for records potentially responsive to Plaintiff's request pulled in periodic news clips from the domains listed in subparts I and J. To help ensure that any records produced are actually useful to Plaintiff, the Parties agreed to treat such records of periodic news clips as not responsive to the FOIA request.[1] This does not mean, however, that Defendant no longer has to review each such news clip. It is not possible for Defendant to exclude the periodic news clips automatically and en masse without also excluding records that may be responsive, such as emails commenting on forwarded news clips. Additionally, given the breadth of Plaintiff's requests, Defendant must process these records before identifying them as non-responsive to Plaintiff's request. This is no different than how Defendant must process any other non-responsive record that is pulled in by its search for potentially responsive records. For this reason, it is reasonable to include the processing of these periodic news clips, as the Defendant does with other non-responsive records, within the 500 page per month processing rate ordered by the Court. *See* ECF No. 11. Indeed, processing includes the determination of whether a document is responsive or not to the specific request, and it requires that FOIA professionals spend time reviewing each such document. To hold otherwise would impose an undue burden on the Defendant and hinder its ability to meet even a much more forgiving processing rate.

---

[1] At no point did the Department agree that any such pages that are determined to be non-responsive (pursuant to this agreement or otherwise) would not be counted towards the processing rate. If Plaintiff would prefer, the Department can produce these pages.

13.     Defendant proposes that production continue as indicated in the Court's Scheduling Order, ECF No. 11, and that the Parties file another joint status report on June 12, 2023, which is 90 days from March 13, 2023.

DATED: March 13, 2023

        Respectfully submitted,

        /s/ *Michael Ding*
        MICHAEL DING
        D.C. Bar No. 1027252
        AMERICA FIRST LEGAL FOUNDATION
        611 Pennsylvania Ave SE #231
        Washington, D.C. 20003
        Tel.: (202) 964-3721
        Email: michael.ding@aflegal.org

        ANDREW J. BLOCK
        D.C. Bar No. 90002845
        AMERICA FIRST LEGAL FOUNDATION
        611 Pennsylvania Ave SE #231
        Washington, D.C. 20003
        Tel.: (202) 836-7958
        Email: andrew.block@aflegal.org

        *Counsel for Plaintiff*

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        ELIZABETH J. SHAPIRO
        Deputy Branch Director

        /s/ *Kevin K. Bell*
        KEVIN K. BELL (D.C. Bar No. 90001212)
        Trial Attorney
        Federal Programs Branch, Civil Division
        U.S. Department of Justice
        1100 L Street, N.W.
        Washington, D.C. 20005
        Tel: (202) 305-8613
        Email: kevin.k.bell@usdoj.gov

*Counsel for Defendant*
